UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| J. KERRISSEY LLC, | ) CHAPTER 7 |
| | ) CASE NO. 18-12189-MSH |
| Debtor | ) |
| | ) |

**CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO SELL
BY PRIVATE SALE CERTAIN MACHINERY AND EQUIPMENT FREE
AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

Donald Lassman, the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate of J. Kerrissey, LLC ("Debtor"), hereby respectfully requests authority pursuant to Section 363 of the Bankruptcy Code, Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure and MLBR 2002-5 and 6004-1(c) to sell to Alex Lyon and Son Sales Managers & Auctioneers, Inc. (the "Proposed Buyer") the bankruptcy estate's interest in certain personal property consisting of certain machinery and equipment described herein (the "Assets"). The sale will be free and clear of all liens, claims, encumbrances or other interests that encumber the Assets.

In support of this Motion, the Trustee states as follows:

1.   On June 11, 2018, certain petitioning creditors filed an involuntary petition pursuant to Chapter 7 of the Bankruptcy Code against the Debtor.

2.   On August 10, 2018, this Court entered an Order for Relief against the Debtor under Chapter 7 of the Bankruptcy Code.

3.   On August 13, 2018, the Trustee was appointed as the Chapter 7 trustee of the bankruptcy estate of the Debtor.

4.   The Debtor was in the business of construction contracting in which it used certain machinery and equipment, including the following: 2005 Fintec FS542; 2005 Kalyn

9544259v1

Siebert Trailer; 2006 Cat 330CL; 2006 Rockblaster RB 1500G; 2005 Cat 345BL II (the "Assets").

5. Filed contemporaneously with this Motion is a proposed Notice of Intended Private Sale of Estate Property, Deadline for Submitting Objections and Higher Offers and Hearing Date (the "Notice of Sale").

6. The Trustee intends to sell the Assets to the Proposed Buyer for $140,000 in accordance with the terms of the Asset Purchase Agreement attached to Notice of Sale.

7. The Trustee has obtained an appraisal which values the gross liquidation value of the Assets at auction at $140,000, and believes that the offer submitted by the Proposed Buyer represents a fair price for the Assets.

8. The Trustee believes that the Assets are encumbered by a first priority lien and security interest in favor of Commercial Credit Group in the approximate amount of $127,000. In addition, the Debtor's schedules list Eleanor Kerrissey and Joseph B. Kerrissey, Jr., the parents of the Debtor's principal, as having liens on some of the Assets. To date the Trustee has not been provided with any documentation substantiating the validity, priority, amount or security for these alleged insider claims, which are in dispute. Finally, the Internal Revenue Service has filed a proof of claim against the Debtor's estate asserting a secured claim.

9. The Sale is "AS IS" and "WHERE IS" without any representations or warranties of any kind.

10. There is no relationship between the Proposed Buyer and the Trustee.

11. The Proposed Buyer negotiated the Asset Purchase Agreement in good faith at arm's length and is a good faith purchaser of the Assets pursuant to Bankruptcy Code § 363(m).

12. Pursuant to MLRB 6004-1(c)(5) this Motion and Notice of Intended Private sale

9544259v1

will be sent to all parties in interest as well as other parties the Trustee believes may be interested in purchasing the Assets.

13. The Trustee further states that he has not obtained insurance on the Assets and is unsure whether anyone else has procured insurance covering the assets. As such, the Trustee submits that it is in the best interests of the estate to close the sale of the Assets as soon as possible and that the Court waive of the automatic stay under Bankruptcy Rule 6004(h).

14. The Trustee believes that this sale is in the best interest of the bankruptcy estate since it appears that the Trustee has received an offer that is equal to or exceeds the fair market value of the Assets. The Trustee believes that a private sale is in the best interests of the bankruptcy estate since it will avoid the costs of a sale by way of public auction.

WHEREFORE, Donald Lassman, the Trustee herein, requests that this court enter an Order:

- a. granting the Trustee authority to sell, by way of private sale the Assets described herein free and clear of all liens, claims and encumbrances;
- b. providing that all valid liens, claims and encumbrances shall attach to the proceeds of the sale in the order provided by law;
- c. approving the form of the Notice of Intended Private Sale of Estate Property;
- d. finding that the Proposed Buyer or ultimate buyer is purchasing in good faith;
- e. Authorizing the Trustee to execute any and all documents necessary to consummate the sale, whether known at the closing or which become known thereafter;
- f. Authorizing the Trustee to pay any undisputed claims secured by the Assets from the sale proceeds;
- g. Waiving the automatic stay pursuant to Bankruptcy Rule 6004(h); and
- h. granting such other relief as is deemed just and equitable.

-3-

9544259v1

|  |  |
|---|---|
|  | DONALD LASSMAN, CHAPTER 7 TRUSTEE OF THE ESTATE OF J. KERRISSEY LLC, |
|  | By his attorneys, |
|  | /s/ Jonathan M. Horne<br>Jonathan M. Horne, Esq. BBO #673098<br>Murtha Cullina LLP<br>99 High Street<br>Boston, MA  02110<br>617-457-4000 Telephone<br>617-482-3868 Facsimile |
| Dated:   October 17, 2018 | jhorne@murthalaw.com |

-4-

9544259v1